UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN HAMMLER,

        Plaintiff,

v.

E. COTA, et al.,

        Defendants.

No. 2:19-cv-1423-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff filed his complaint by providing it to CDCR for e-filing with the court, pursuant to the March 1, 2016 Standing Order of the Eastern District of California ("In Re: Procedural Rules for Electronic Submission of Prisoner Litigation Filed by Plaintiffs Incarcerated at Participating Penal Institutions," attached hereto). ECF Nos. 1, 2-2. Plaintiff clearly marked each page of his complaint, indicating that the total complaint spans 35 pages. But, under the Standing Order, complaints submitted thereunder may not exceed 25 pages. If a plaintiff needs more than 25 pages, "he or she must submit a motion demonstrating the grounds for the need to exceed the page limitation, along with the proposed complaint, to the Court for permission to exceed the page limit." Plaintiff did not submit a motion to exceed the page limit.

In an apparent effort to follow the Standing Order, CDCR staff e-filed only the first 25 pages of plaintiff's complaint. The case cannot proceed without the full complaint.

| | |
|---|---|
| 1 | Accordingly, it is hereby ORDERED that, within 30 days of the date of this order, |
| 2 | plaintiff submit either (1) an amended complaint not exceeding 25 pages or (2) a motion to |
| 3 | exceed the page limit (which itself may not exceed 15 pages, per the Standing Order) along with |
| 4 | the complete, 35-page complaint. |
| 5 | So ordered. |
| 6 | DATED: August 19, 2019. |
| 7 | EDMUND F. BRENNAN<br>UNITED STATES MAGISTRATE JUDGE |

FILED
March 1, 2016
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PROCEDURAL RULES FOR ELECTRONIC SUBMISSION OF PRISONER LITIGATION FILED BY PLAINTIFFS INCARCERATED AT PARTICIPATING PENAL INSTITUTIONS | **STANDING ORDER** |

This Standing Order for the United States District Court for the Eastern District of California, describes a pilot program in which the Court and the California Department of Corrections and Rehabilitation (CDCR) whereby initial pleadings submitted by prisoners in civil rights cases involving conditions of confinement claims will be electronically filed. As part of this pilot program, CDCR agrees to collaborate with the Court to obtain and maintain participating penal institutions under the program. Participating penal institutions shall be those institutions which CDCR and the Court agree shall participate in the program. This pilot program is designed to reduce the cost of processing court filings in civil rights cases brought by incarcerated Plaintiffs pursuant to 42 U.S.C. § 1983.

As part of the pilot program, the following guidelines apply:

**Scope:**

1. This Standing Order only applies to cases brought by incarcerated plaintiffs housed at one of the participating facilities at the time of initial filing, regarding claims

involving conditions of confinement, such as those brought under 42 U.S.C. § 1983. This Standing Order does not apply to claims challenging the fact or duration of a prisoner's confinement, or other matters not herein authorized.

2. Further, this Standing Order only applies to initial filings by Plaintiffs, defined as the complaint, an application to proceed in forma pauperis without prepayment of fees, a motion seeking relief from this Standing Order, and/or a motion for emergency relief. At a CDCR participating facility, no initial documents will be accepted for filing by the Clerk of the Court unless they comply with this Standing Order, or the scanning equipment is inoperable for more than forty-eight (48) hours. After the initial filings, all other filings shall be mailed and shall comply with the Local Rules for the United States District Court for the Eastern District of California, and any subsequent orders issued by this Court.

**Procedures for E-Filing:**

3. Plaintiffs shall provide their complaint and any application to proceed in forma pauperis without prepayment of fees to CDCR in conformity with CDCR's procedures for the electronic filing of initial documents, including any applicable procedures for paying for photocopies. Plaintiffs are required to pay for photocopies according to the applicable CDCR policies and procedures.

4. To facilitate compliance with Federal Rule of Civil Procedure 8(a)(2) (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief") and to reduce costs and delays associated with processing complaints, the Court imposes a page-limit on complaints filed by incarcerated Plaintiffs. Complaints shall not exceed twenty-five (25) pages in length. Any exhibits attached to a complaint shall count toward the twenty-five page limit. Plaintiffs are encouraged to use the Court's sample civil rights form. In the event a Plaintiff needs to file a complaint longer than twenty-five (25) pages, he or she must submit a motion demonstrating the grounds for the need to exceed the page limitation, along with the proposed complaint, to the Court for permission to exceed the page limit.

1 | Motions to proceed in forma pauperis, motions to increase the page limit, and motions for emergency relief shall be no more than fifteen (15) pages in total combined length.

5. CDCR staff will scan all initial filings into a preprogrammed digital sender which scans and converts the documents to .PDF format. On the front page of each separate filing, CDCR staff shall stamp the document indicating that the document has been scanned and emailed, along with the date completed. After the documents are scanned, the original documents will be returned to the Plaintiff and CDCR shall promptly email the documents to the Clerk of Court for filing.

6. The Court, through the Clerk of the Court, will retrieve the e-mailed documents from CDCR, conduct a readability review, and file them in the Case Management Electronic Case Filing system (CM/ECF). The Court will e-mail a document confirming receipt of the filed documents, initial case filing instructions and any orders or other documents provided at initial filing to the plaintiff at an e-mail address established by CDCR. CDCR staff shall deliver these e-mailed documents to the incarcerated plaintiff. After this initial filing, all other documents to be filed shall be sent and served through the mail in accordance with CDCR procedures regarding legal mail, the Local Rules of this Court, and other applicable law.

7. Each CDCR facility participating in the pilot program will establish an e-mail address at which CDCR staff can retrieve the Court's emails and other court-issued initial filings. CDCR staff will retrieve this information and any attached documents, from the Court's email and print and deliver them to the incarcerated plaintiff. If the incarcerated plaintiff refuses delivery of the documents, or is no longer incarcerated at an e-filing CDCR participating facility, CDCR staff will notify the Court by e-mail and indicate the reason for non-delivery of the documents. Because the original civil complaint and other filings will be returned to the incarcerated plaintiff as after being scanned and emailed, the Court and CDCR are not required to provide the incarcerated plaintiff with any filed stamped copies of the documents filed by the plaintiff.

///

8. The Clerk of Court is authorized to create any additional required forms or procedures to effectuate this Standing Order.

9. Issues regarding access to the e-filing program shall be referred to a designated magistrate judge for determination and authorization to open a miscellaneous proceeding prior to accepting the civil complaint should the magistrate judge, in his or her discretion, deem it necessary. For filings in the Sacramento Division, Magistrate Judge Carolyn K. Delaney shall be the designated magistrate judge. For filings in the Fresno Division, Magistrate Judge Stanley A. Boone shall be the designated magistrate judge.

10. The effective date of this Standing Order is March 1, 2016.

Dated: February 24, 2016

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT