UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN HAMMLER,

    Plaintiff,

v.

E. COTA, et al.,

    Defendants.

No. 2:19-cv-1423-JAM-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In accordance with the order filed March 24, 2020, plaintiff may either proceed with his potentially cognizable First Amendment retaliation claims against defendants Cota, Burnes, Hubbard, Case, and Salcedo only or he may amend his complaint to attempt to cure the defects in the claims that were dismissed with leave to amend, namely: (1) plaintiff's substantive First Amendment claims against Hubbard for preventing him from speaking with a psychologist and against Tumacder; (2) plaintiff's First Amendment retaliation claims against Mccarvel, Tumacder, Garza, and Rodriguez; and (3) plaintiff's substantive due process, procedural due process, equal protection, and "deliberate indifference" claims. He may not, however, change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, plaintiff is not obligated to amend his complaint.

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, it is ORDERED that:

1. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the potentially cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time; and

2. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: April 3, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN HAMMLER,

        Plaintiff,

   v.

E. COTA, et al.,

        Defendants.

No. 2:19-cv-1423-JAM-EFB P

NOTICE OF ELECTION

In accordance with the court's order, plaintiff hereby elects to:

(1) _____ proceed only with the potentially cognizable First Amendment retaliation claims against defendants Cota, Burnes, Hubbard, Case, and Salcedo.

OR

(2) _____ delay serving any defendant and files an amended complaint.

_____

Plaintiff

Dated: