**FILED**

AUG 3 1 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

1  Allen Hammler F73072
2  P.O. Box 8800
3  Corcoran, CA. 93212

5  In The United States District Court
6  Eastern District OF California

8  Allen Hammler,                    2:19-CV-1423-JAM-EFB
9           PlaintiFF,

10          V.,                        COMPLAINT
11                                     42 U.S.C. § 1983
12  E. Cota, S. Tumacder,              AMENDED
13  J. Burnes, D. Case,
14  J. Hubbard, E. Garza,
15  M. Rodriguez, I. Salcedo,
16  S. Kernan, R. Diaz,
17          DeFendant(s).              JURY TRIAL DEMANDED

19           I. Jurisdiction And Venue

21      This is a Civil Action Authorized by
22  42 U.S.C. § 1983 to Redress the Deprivation
23  under State Law of Rights Secured by the
24  United States Constitution. This Honorable
25  Court has Jurisdiction under 28 U.S.C. § 1331,
26  and 1343 (a)(3), Supplemental under 28 U.S.C. §
27  1367 (a).

The Sacramento District is an appropriate Venue under 28 U.S.C. § 1391 (b)(2), as it is where the Events engendering the Claims herein took place. Moreover, Plaintiff has complied with Govt. Code §§ 844.6(d), 945.4, and 950.2, Filing Two Claim(s) and receiving Response to now properly allege Compliance. Govt. Code §§ 901, and 911.2.

## II. Plaintiff

Allen Hammler, was and is at all times mentioned herein a Mental Patient and Prisoner of the California Department of Corrections And Rehabilitation (CDCR) being Housed in the Mental Health Treatment Program(s) therein. He Presently resides at P.O. Box 8800, Corcoran, CA. 93212.

## III. Defendant(s)

1. I. Cota, resides in Sacramento (Sac.), and is Employed as a Correctional Officer (C/O), at Sac. State Prison (CSPS),

2. S. Tumacder, resides in Corcoran, and is Employed as a C/O, at Cal. State Prison Cor-

coran (CSPC),

3. J. Burnes, resides in Corcoran, and is Employed as a C/O, at CSPC.,

4. D. Case, resides in Corcoran, and is Employed as a C/O, at CSPC.,

5. J. Hubbard, resides in Corcoran, and is Employed as a C/O., at CSPC.,

6. E. Garza, resides in Corcoran, and is Employed as a C/O. at CSPC.,

7. M. Rodriguez, resides in Corcoran, and is Employed as a C/O., at CSPC.,

8. I. Salcedo, resides in Corcoran, and is Employed as a C/O., at CSPC.,

9. S. Kernan, resides in Sac., and was the Secretary of CDCR. durring the time Actions are alleged to have been taken and or omissions effected,

10. R. Diaz, resides in Sac., and is the Secretary of CDCR. at this time.

Each of the above named Defendant(s) are Sued in their Individual Capacities with exception of Diaz who is Sued in Both Individual and Official Capacities. All the named Defendant(s) are alleged to have acted under Color of Law at all times mentioned herein and with the Complete Authority of Kernan and or Diaz their Employer(s), being Agent(s) of said Co-Defendant(s) who had a Legal Duty to oversee the Conduct and Employment of each of the named Defendant(s) herein.

## IV. Factual Allegations

1. On the date of 7,3,2018 While being Housed at CSPS. Plaintiff was Assaulted by a C/O Reilly durring an Escort From a Mental Health Group Meeting. In an endeavor to avoid Further interactions with Reilly. Plaintiff began to Refuse to allow Reilly to be one to Escort him at any time.

2. On date of July 11th, 2018 Plaintiff attended another Group and in attempt to avoid Reilly being the C/O to Escort him back to the Housing Unit, befor Group ended Plaintiff requested to Leave early and when the C/O. Came to Escort Plaintiff back to the Unit

it was Defendant Cota. Having seen him arrive alone Plaintiff questioned him as to what other C/O would be helping him on the escort as its Procedure in the Psychiatric Services Unit (PSU) that all Prisoners be escorted by two C/O(s).

3. Cota told Plaintiff that it would be just him and in believing this as the two on one escorts were regularly not always conducted, Plaintiff allowed Cota to Hand-Cuff him that he could be removed From the Holding Cage. Once Cuffed Cota did not open the Holding Cage door right away and appeared to be waiting for something.

4. It was at that time that C/O Reilly entered the Room. Seeing him Plaintiff told Cota not to open the Cage door as he -- (Plaintiff) would not exit the Holding Cage with Reilly present. The Door was opened anyway in violation of Controlled Use of Force Procedures and Plaintiff had Cota and Reilly Forcefully pull him From the Cage and out to Forcefully escort him.

5. Durring the Forceful escort the

1  Plaintiff saw a sergeant (Sgt.) in the Hall-
2  way and yelled out to him. Sgt. mccarvel
3  (mccarvel is employed as a C/O and Resides
4  in Sacramento. He is herein sued in his in-
5  dividual Capacity For actions taken under
6  color of law.) Plaintiff explained to mccarvel
7  what had taken place and informed him
8  that he wished to have a Unnecesary and
9  Excessive Force. Video Interview conducted.

11      6. This request was ignored in what
12  Plaintiff alleges was an endeavor to shield
13  the two C/O(s) in line of the unwriten
14  Doctrine of the "Code Of Silence" as the
15  Defendant simply had Reilly to leave and
16  he took over as the 2nd C/O on the escort.

18      7. Upon reaching the Housing Unit
19  Prior to Plaintiff's being taken back to his
20  Cell Mccarval stopped in Front of the Office
21  inside the Housing Unit and Rather than Him-
22  self seeing to it that Plaintiff reached the
23  Cell without being Further assaulted by Cota
24  he instructed/Ordered C/O Corter to go along
25  with Cota.

27      8. Along the way Plaintiff questioned
28  if he would be allowed to see the Nurse for

medical Attention as a result of the Physical
Assault that he had just had commited
upon him and was told to submit a medical
Request Form, so once at the Cell in the
instance just before the Cell door was
closed Plaintiff reminded Cota that he had
informed Him and Reilly that he was --
suicidal, and should not be placed inside
the Cell but taken to be evaluated at once.
This in line with Policy and Procedure.

9. Cota refused to Follow Procedure
and signaled For the Tower C/O to close
the electically operated Cell door. The door
being closed Cota told Plaintiff to place his
Hands out of the Food Port that he could
remove the Handcuffs, and Plaintiff refused.
Cota told him "If you Keep my Cuffs I'm just
gonna write you up." Plaintiff responded "you
cant. I informed you that I was suicidal
and you still Forced me into the Cell. So,
Procedure prevents you From issuing me
a 115. I have the memo," Plaintiff advised.
"Fuck you and that memo," Cota said then
walked away, with Corter Following.

10. C/O Corter then asked Plaintiff if
he would return the Cuffs. This being 30 minutes

later when he returned doing security walk. Plaintiff refused and told him to inform the on-Duty Sgt. (Herr) that he would not until Mental Health came to evaluate him or he was provided a Use of Force Video Interview as procedure mandated.

11. These events having occurred Defendant Cota in knowing that due to Plaintiff's having Reported that he was suicidal prior to his taking Action to refuse to relinquish the Handcuffs precluded issuance of any Rules Violation Report (RVR), Cota prepared and issued Plaintiff an RVR. anyway, then in an endeavor to justify the illegal and Un-Constitutional issuance of said RVR. lied in responding to Plaintiff's questions sub-mitted for the Hearing relevant to the RVR. in violation of Due Process as said Hearing was mandated to meet Due Process Standards and Plaintiff submitted a Declaration to preserve his Rights. See Attachment "A" hereto, Declaration dated 7, 24, 18, and RVR Supple-mental relevant.

12. Defendant Cota in answering question number one answered no which was a glaring Lie as even Defendant Mccarvel has in a

CDCR.22 Form acknowledged that he was informed of issues and had to accompany the escort in order to calm Plaintiff ~~down~~ as a result of the incident. ~~See Attachment "B",~~ ~~Copy of CDCR.22 Form, dated 8,8,2018.~~

13. ~~Defendant~~ Mccarvel in the 22 Form's Response attempted to cover for Cota and Reilly downplaying the use of force and facts that Plaintiff had Reported to him that which also mandated he (Mccarvel) Report it to his superior and initiate the Process for a video Interview. This was mandated by Cal. Code Of Regulations (CCR) § 3268.1 (c) and (d)(2). Mccarvel in the 22 Response Stated that Plaintiff had only voiced "displeasure of a hands on escort" then went on to try and do further damage control stating that he had explained to Plaintiff that "[A]ll PSV escorts are hands on per Policy" as if Plaintiff had not already Known that and to make his false Response appear more believable to those he was sure would be provided the Document in future Proceedings. Id. (emphasis added).

14. The Excessive force video that ~~Defendant~~ Mccarvel attempted to keep Plaintiff from making was Recorded that day but only because Plaintiff had refused to relinquish

Cota's Handcuffs and thereby was able to Force Sergeant Herr to Follow the Procedures of CCR. § 3268.1 (c) and (d)(1) as it is an Un-written Doctrine Known as the "Code Of Silence", a well Documented Pattern of Conduct that mandates a C/O or CDCR. Staff member to do what he/she can to shield a Fellow CDCR. Employee From Complaints, etc. that could in any way adversly impact another or place their employment in danger and such will be done For them in return if the need ever arises.

_____

15. Defendant(s) Kernan, and the Present Secretary Ralph Diaz, along with Burnes, ~~McCarvel~~, and Tumacder, are each alleged to have at all times herein stated and Further Stated have maintained the Unconstitutional Custom and Practices of allowing their Supervisee(s), Agent(s), and under-Rank(s) to go unchecked and have encouraged the Conduct to ensure a Contenued Trend of the same Conduct in the Future. These Custom(s) and Practices of the "Code Of Silence" and issuing False RVR(s) to Cover and Manipulating ~~Hearing Results~~ to Further Cover For their Fellow C/O(s) were Condoned by said Defendant(s) who have acted in the Constitut-ional Violations themselves by taking part to

Sign off on the Relevant Documents Knowing that to do such was to sanction the Violation of 1st, 14th Amends --. Defendants in doing so were Deliberately Indifferent, having either had actual or constructive Knowledge of the Facts, and deficient Policies, Practices, and Customs at work/function as alleged in the above Paragraphs and those below for Cause.

16. Subsequent the above noted actions of Cota and others Plaintiff on the date of 8,8,18 attended the Hearing relevant to Cota's RVR. and was found Not Guilty by the Hearing Officer (SHO) R. Heise, who stated his reason was "In the interest of Justice" but intention- ally omitted to mention that his actual -- decision to dismiss the RVR. was based on the CDCR. Memorandum dated 9,11,15 (G.B.A.) which Plaintiff had presented to him (Heise) pointing out that it precluded issuance of any RVR.. However, Heise in not wanting to do anything that would point to the RVR having been issued in retaliation as Plaintiff had asserted it was issued Heise intentionally omitted it from the "Evidence" Portion of the RVR. which was by Due Process mandated to note that the memo had been submitted for Cause. See Attachment "C," Hearing Results, dated

8, 9, 1B, at p. 5 of 9, accord Attachment "D", CDCR. Memo., dated 9, 11, 15 (G.B.A), at p. 4 of 5.

17. Subsequently, Defendant Salcedo and acting with the Complete Authority and Rati-fication of his Supervisor(s) Defendant(s) Burnes and Tumacder, and all with that of their Principle(s) Kernan and R. Diaz Secretary of CDCR., Salcedo Continuing in the pattern of the Conduct on the date of 9, 3, 18 went to Plaintiff's Cell at CSPC. 4 AIR-14 and asked him if he would accept a Cellmate. Plaintiff informed him that he had not gone to the Committee (ICC) yet and due to this could not be given a Cellmate. (Being on Record single cell)

18. Salcedo, who had been sent by Burnes told Plaintiff that he would inform Burnes of this Fact. Subsequently Salcedo prepared and issued Plaintiff an RVR. with Burnes signing off on it, sanctioning it, and Factually knowing that Plaintiff had not gone to ICC. yet and was still designated as single Cell from the Former Prison SAC/PSV. which ohly has single Cells.

19. Salcedo in the RVR. stated that Plaintiff when asked if he would take a Cellmate told

1  him "no, I dont Know anybody," but Plaintiff in
2  knowing that this was not a true statement
3  made contact with Salcedo on or about 9,9,18
4  and in doing so reminded him that he (Plaintiff)
5  had not said such but had informed him that
6  he had not attended I.C.C. yet.

8      20. Plaintiff then requested that he
9  withdraw the RVR. and expressed concerns
10 in Salcedo's doing so in time to prevent his
11 needing to defend himself against the false
12 charges that he was known to be factually
13 innocent of telling Salcedo that due to his
14 (Plaintiff's) being engaged in disputes with
15 Burnes and other Ranking C/O(s) he feared
16 that he'd be found guilty and penalized any-
17 way at a Hearing, fore in being able to see
18 in the Computer that he was single cell
19 status from last prison PSU. Burnes must be
20 trying to place him on appliance Restriction
21 via the RVR., Plaintiff expressed as Burnes
22 would have no other reason to sign off on
23 such RVR..

25      21. Salcedo responded to the accusation
26 of Consiring in concert with Burnes stating
27 "Dont come at me like that. I dont have to
28 withdraw nothin." Plaintiff at that time in

13 of 42

clear, understandable Terms of English - -
informed him that his allowing the RVR to
proceed would be an act of Retaliation and
Further informed him that he would be sued
along with Burnes for such if he did not
withdraw the RVR.

22. Later in the day (9,9,18) Plaintiff again
made Contact with Salcedo and had him to
sign a CDCR. 22 form acknowledging that he
had falsely accused Plaintiff. However, befor
the shift was over (2nd Watch) Plaintiff again
questioned Salcedo as to if he had done the
paperwork to withdraw the RVR. and in
response was told "IF you Keep bothering me
I'm gonna leave it," this he said as he walked
by doing security check, (Pipe).

23. It should be noted that Salcedo, on
the date that he issued Plaintiff the RVR.
did so, i.e., approached and asked Plaintiff
to accept a Cellmate, at Burnes's direction
only after Plaintiff had just finished having
an Argument with Burnes in the Hall/Rotunda
about his (Plaintiff's) not being provided his
Legal Files and Television. Burnes having
during the Argument focused on the TV.
telling Plaintiff that he would not allow

him to receive his TV. For the purpose of
attending Religious services via Televangalist,
and being told he'd be sued for 1st. Amend.
Violations, Plaintiff alleges that Burnes in
sending Salcedo via the RVR. intended to
place him on Appliance Restriction in Retali-
ation for Plaintiff's Protected Speech, and
exercise of the Right to Free speech in in-
forming him (Burnes) that he would be sued
for violating the Plaintiff's Right to Religious
Freedom and Practice.

    24. Subsequently, Plaintiff, on the date of
10,6,18 was called to a Hearing relevant to
the RVR. that Salcedo issued him and having had
the SHO. come to his cell door (# 14) had him tell
him Plaintiff that he was dropping the RVR.
, finding him not Guilty based Solely on the
CDCR. 22 form signed by Salcedo, and noted
supra/above in Paragraph No. 22 The Carbon
Yellow Copy of the 22 form had been given to
Defendant Rodriguez on or about 9,20,18 along
with a Declaration dated 9,11,18 (G.B.R.) of which
Plaintiff Reserved his Rights through. See ---
Attachment "E," 22 form, dated 9,9,18, Declarat-
ion, dated 9,11,18 (G.B.R.), and RVR Supplemental,
dated 9,20,18.

25. At the Hearing, held at his Cell Door Plaintiff was told by Defendant Tumacder that his not Guilty Finding was based on the 22 Form signed by Salcedo, but upon being provided the Hearing Results Plaintiff found that Tumacder had in line with the Code of Silence and Continuing in the Pattern of Conduct intentionally omitted any mention of the 22 Form wherein Salcedo admits to Knowing Plaintiff was not Guilty, and in the Hearing Results attempted to justify the finding based on "Insuficient" evidence to support a Guilty Finding violating Free Speech as Plaintiff has todate, and had at the time of the Hearing a Right to have a Hearing and Findings Reflect the evidence presented and a Factual Record, i.e., a "[W]ritten Statement by the Fact-Finders (SHO) as to the evidence relied on and reasons..." as is Stated in Wolff v. McDonnell, 418 U.S. 539, 559 (1974), Recorded in Computer.

26. Defendant Tumacder in omitting to mention Evidence Plaintiff Presented to him and of which Plaintiff had via his Declaration Preserved the Right to have Considered Violated Plaintiff's 1st And 14th Amendment Right(s) Substantively, and violated Procedural Due Process and Plaintiff alleges that he did so

in Course of attempting to shield Salcedo
From reproach that was to come due to the
CDCR. 602 Complaint that Plaintiff informed
Defendant Tumacder he would be Filing For
Salcedo's allowing the RVR. to go Forward.

27. Plaintiff alleges that Tumacder's
actions of omitting the 22 Form and in
manipulating the Hearing Results were in part
For Code of Silence, and For the Pupose of
Retaliating against Plaintiff For asserting
the Right to Voice his concerns in Salcedo's
actions and in Retaliation for his asserting
the Right to have the 22 Form Considered
in the Hearing in accord with Due Process, And
1st Amend. Where Hearing Results are Used to
Voice the Prisoner's side of issues to Others.

28. Plaintiff, Further alleges that Garza,
and Rodriguez Violated his Right(s) to Due
Process in substantive, and Procedural Fashion
where they in Concert Falsified the RVR supple-
mental dated 9,20,18 ~~contained in Attachment~~
"E", and noted in paragraph No. 24, supra, wherein
Garza is noted as having acted as Investigative
Employee (IE) where She did not and took no
Part in the Process, Rodrigues having Collected
the Declaration noted in The RVR. Supplemental

and upon his being informed by Plaintiff that
he had Witnesses and Documentary evidence
that he wanted to present as noted in the
Declaration, Rodriguez and Garza Falsely Recorded
that Plaintiff requested no witnesses and have
caused that to be reflected in the Record in
Libelous Act of Slander--and did so intending
to shield the Hearing And Findings thereto
From Challenge as Plaintiff told Rodriguez
they would be, and it is Further alleged that
his and Garza's actions were Retalitory.

29. Subsequently, Defendant(s) Hubbard
and Case, in Concert with Defendant Burnes
, the Authority, and Ratification of their
Principle(s) Kernan and R. Diaz Secretary of
CDCR., and Continuing in the Pattern
of Conduct, Defendant(s) Hubbard and Case
on the date of 9,15,18 and only 12 days
after Defendant Salcedo's False RVR. was
issued, Hubbard and Case took actions to
Falsefy another RVR. against Plaintiff.

30. Plaintiff, who at all times mentioned
herein was being Housed in a Mental Health
Program and Unit/Ward, having informed the
Psych-Tech Selliers that he was suicidal, a
Statement that mandates that he be seen

and Evaluated by a Psychologist Forthwith.
However, in doing so Plaintiff in being Fearful
of exiting his cell and being Physically
Assaulted by C/O(s) as is a Regular Pattern
of Conduct inside PSU/SHU Mental Health
Unit(s), Plaintiff informed Selliers and the
C/O escorting her (Cooper) that he would not
exit his cell until the Psychologist arrived
, an act that precluded C/O(s) using Force
to remove him until cleared to do so by a
Psychologist and Warden, and Further man-
dated that a C/O be Posted at the cell
to maintain Visual, Keep Watch over him.

31. In Seeking to avoid Following the above
Stated Procedures Defendant(s) Hubbard and Case
after speaking with Plaintiff and having him to
refuse to exit his Cell at their request, Case
Prepared a False RVR. in attempt to Justify
their having left Plaintiff unattended and to
Retaliate against him For asserting the Right
to have them Follow Suicide Prevention And
Response Procedures of CCR.§ 3365 of which
uses mandatory Language that Created a
Liberty interest For Due Process attaching

32. On said date 9,16,18 in having had
P.T. Selliers go into near argument with C/O Cooper

to get him to stand at Plaintiff's Cell door to watch him while she went to call for the Psychologist. Hubbard, Case, and a number of other C/O(s) went to Plaintiff's Cell. Upon Plaintiff's refusing Hubbard's Order to place his hands out of the Food Port that he could be Handcuffed, Hubbard opened the Food-Port anyway and spoke to Plaintiff agressively.

33. In fear of being Sprayed, or having the C/O(s) claim that he was engaging in Self-harm to Justify entering the cell, Plaintiff at that time raised both his Hands above his Head and began Shouting "My hands are up, I'm not harming myself, and there is no need for Force." This until Hubbard Closed the FoodPort.

34. Once the Food-Port had been closed Plaintiff Stopped Shouting and was told by Hubbard "We dont give a Fuck if you Hurt yourself," he said smiling, and causing Case, Borden, and the others present to Laugh." But your gonna come out of that cell one way or another," Hubbard assured Plaintiff. It was at that time that Plaintiff Showed them a Copy of the Coleman Act's Use of Force mandates and told all in attendance

1  that as long as they Followed Procedure
2  he did not care what they did. Hubbard re-
3  sponded "So your gonna make us go through
4  all that?" "I'm not making you do anything,"
5  Plaintiff responded. "That's Procedure" he told
6  them.

8         35. Hubbard then said "So, let me get
9  this straight. Your refusing to come out to be
10  evaluated, but your suicidal? And you want
11  us to stand here at your Door?" Hubbard reasoned.
12  "That's Procedure. I dont want you to do any-
13  thing, your mandated to stand here, and if
14  you dont I'll sue you," Plaintiff admonished.
15  "Your manipulating staff is what your doing,"
16  Case interjected. "Well, write me up. I havent
17  done nothing that you can issue me a 115
18  For," Plaintiff told them. "You refused an order
19  to come out of your cell," Hubbard said. It
20  was at that time that Plaintiff showed them
21  the CDCR memo dated 9.11.15 (G.B.A) and told
22  them that he could not be issued an RVR. For
23  refusing to exit his cell. See Attachment "D,"
24  at p. 4 of 5.

26         36. Subsequent the above noted events,
27  Case, Hubbard and the other C/O(s) left leaving
28  him unattended and the Psychologist never came

to evaluate Plaintiff. On or about the
Following date Plaintiff saw P.T. Selliers
and in questioning her as to why the Psycholo-
gist never saw him he was informed that
"They told her that you said you weren't really
Suicidal, and were just trying to inconvenience
them." Plaintiff told Selliers that no such
Statement had been made, as for him to say
such would open himself up to be issued an
RVR, and his being a Jailhouse Lawyer he
Knew better than to make such incriminating
Statement.

37. Subsequently, on or about the date
of 10,15,2018 Plaintiff was served with an
RVR. prepared by Defendant Case, with Hubbard's
Co-signing and False Statements contained
therein dated 9,16,18, and signed off on by
Burnes on date of 10,3,18.

38. The RVR. alleged that Plaintiff had
admitted to claiming to be suicidal to "incon-
venience" Hubbard and Case, and states that
Dr. Dousti the Psychologist that never responded
had suggested that Plaintiff be issued the
RVR., a statement that Plaintiff has been
told by Dousti that she never made. Plaintiff
alleges that the RVR. was issued in Retaliation

and in operation Violated Due Process and the First Amendment where Plaintiff was Precluded From Voicing his Concerns to Dr. Dousti, and Further, engendered Tort Feasor For Slander and Libel.

39. Plaintiff Further alleges that the Defendant(s) Concerted act of Lying to Dousti and Preventing his being Seen and speaking to Dousti re his Mental State, of the Cause of that Mental State, i.e., C/O Andrade's -- Actions not only engendered Tort of Slander but were Retalitory in Violation of 1st Amendment where each and every action and omission was intentional in effort to Adhere to the illegal mandates of the "Code of Silence." That Calls For one C/O to do what ever he/she can do to prevent one (Prisoner or other) From Voicing Speech that Adversely impacts or could the Employment of another C/O, the understanding that it will be done For them (Hubbard and Case, etc.) in return, And though Plaintiff did not incur a Complete Chilling Effect he alleges that such would be pressed upon a Prisoner of Ordinary Mind, Sense, and Firmness For Fear of Further Retaliation in accord with the Notorious "Code Of Silence."

40. Further, Plaintiff alleges that -- where Claims of Retaliation are in issue and the Element of Chilling Effect are in Question the Element is met For the Violations of Plaintiff's Rights alone are injuries and Adverse enough to meet the Element under the Case of Rhodes v. Robinson, 403 F.3d 599, 568 n.11 (9th Cir. 2005), And Further alleges that each of the named Defendant(s) herein Retaliated against him For the above alluded to Protected Conduct.

41. At all times mentioned herein each of the Defendant(s) Actions and Omissions were Intentional, Unjustifiable, Malicious, Wanton, Arbitrary, Oppressive, taken For no Legitimate Penological interest or Goal in Reason, and with Concious disregard for For Plaintiff's Constitutional Right(s), And Further, were taken with the Evilest of Intent to Cause Emotional Distress, and to Retaliate For Plaintiff's exercising his Right(s) to Free Speech and Due Process.

///

~~the element of a Chilling affect under the~~
~~Case of Rhodes v. Robinson, 403 F.3d 559, 568 n.11~~
~~(9th Cir. 2005) as Plaintiff alleges substantive~~
~~Violation(s) of Both afore stated Rights(s).~~

## V. Exhaustion

Failure to Exhaust is an Affirmative Defense and Plaintiff welcomes Defendant(s) to raise it, but such is not a viable Defense.

## VI. Legal Claim(s)

1. Claim One: Violation of 1st Amendment, (Substantive).

Plaintiff incorporates by reference Paragraphs 1 through 42, supra, as Fully Set Forth For cause, and adds that Defendant(s) Cota, Burnes, ~~Mccarvet~~, Tumacder, Garza, Rodriguez, Hubbard, Case, and Salcedo each via their intentional actions Substantively Violated Plaintiff's 1st Amend. Rights via their Reproaching him for exercising that Right to Free Speech in each of the instances alleged, Precluding Speech.

(Continues On Next Page)

      2. Claim Two: Violation OF 1st. Amendment, Retaliation.

      PlaintiFF incorporates by reference Paragraphs 1 through 42, supra, as Fully set For th For Cause, and adds that Defendant(s) Cota, Burnes, ~~Mccarvel~~, Tumacder, Garza, Rodriguez, Hubbard, Case, and salcedo each via their intentional actions oF Retaliating against PlaintiFF For asserting his Rights to (1) the mandated Processes and Procedures due him via Due Process, and the Liberty interests Created by and through the Memo dated 9,11,15 (G.B.A), and other established and obvious visual means noted in WolFF v. McDonnell, 418 U.S. 539, 557 (1974), Sandin v. Conner, 515 U.S. 472, 484 (1995), And (2) For his exercising the Right to Voice his sentiments on all thing worldly and supernatural aS is alleged above.

      3. Claim Three: Violation OF 14th Amendment, Due Process (Substantive).

      PlaintiFF incorporates by reference Paragraphs 1 through 14, supra, as Fully set For th For Cause, and adds that Defendant(s) Cota, Burnes, ~~Mccarvel~~, Tumacder, Garza, Rodriguez, Hubbard, Case, and salcedo each via their actions substantively violated PlaintiFFs 14th

Amendment Rights intentionally in each of
the instances alleged.

   4. Claim Four: Violation OF 14th
Amendment, Procedural Due Process
   PlaintiFF incorporates by reference
Paragraphs 1 through 42, supra, as Fully set
Forth For Cause, and adds that DeFendant
Cota Violated this Right via issuing him an
RVR where he beFore Knew non could be issued
and intentionally allowed it to be Processed,
adjudicated, and to place PlaintiFF in Jeopardy
Further, DeFendant Cota in Lying where he
answered "no" to Question No. 1 oF the RVR
Supplemental contained in Attachment "R,"
he Further violated Due Process as is alluded
to, supra, in Paragraphs 11-12. DeFendant
ManiFested his Evil Intent.

   DeFendant Mccarvel Violated Due Pro-
cess Via his having been involved in the
incident, Knowing the Circumstances and
Knowing that no RVR Could be issued, being
Fully aware oF the Procedures and Protections
noted in the memo as they are also noted in
CCR § 3317.2 and he (Mccarvel) in Reviewing
the RVR as supervisor still allowed it to
be issued, Processed and Adjudicated, and

to place Plaintiff in Jeopardy, sanctioning, and Ratifying Defendant Cota's actions.

Defendant Salcedo Violated Due Process via Knowing that Plaintiff was actually and Factually innocent of the allegations in the RVR. he admitted to having issued by mistaking Persons, and then intentionally allowing it to be Processed, Adjudicated, and to place Plaintiff in Jeopardy, even after and during the Process he signed a CDCR. 22 Form Viouring to "Revise" the 115/RVR. and told Plaintiff that he would withdraw the RVR. using mandatory Language in an Official State Document (CDCR. 22 Form) and Creating a Liberty interest by and through which Plaintiff if at no other time had no Right to aviod being brought to Hearing For the RVR. Such right was errected via the 22 Form, under Sandin v. Conner, 515 U.S. 472, 484 (1995).

Defendant Burnes Violated Due Process via his having been involved in the incident Knowing the Circumstances and Knowing that no RVR. Could issue for Plaintiff's having Still been Single Celled Status, and having not yet attended ICC, and he (Burnes) in

Reviewing the RVR. as Supervisor, Still allowed it to issue, be Processed and Adjudicated, and to place Plaintiff in Jeopardy, Sanctioning, Ratifying, and encouraging Salcedo's actions.

Defendant(s) Rodrigues and Garza both Violated Due Process via their actions noted Supra, in Paragraph 28.

~~Defendant~~ Tumacder Violated Due Process in those aspects alleged, supra, in Paragraphs 24 - 27.

Defendant(s) Hubbard and Case Violated Due Process in those aspects alleged, supra, in Paragraphs 29 - 42.

Defendant Burnes Violated Due Process in those * aspects alleged, supra, in Paragraphs 29 - 42.

5. Claim Five: Violation OF 14th Amendment, Equal Protection OF Laws.
Plaintiff incorporates by reference Paragraphs 1 through 42, supra, as fully set forth for cause adding that Defendant(s) Cota, Burnes, ~~Mccarvet~~, Tumacder, Garza, Rodriguez, Hubbard, Case and Salcedo, each, Violated

Plaintiff's Rights to Equal Protection of Laws via their actions of Denying him the use, employment of, Protection of, and or Processes of those Laws, Procedures, and Regulation(s) alleged, supra, and although allotted to each and every other Prisoner in the state of California held in CDCR's Custody, and similarly situated.

6. Claim Six: Violation of 8th Amendment, Deliberate Indifference, to Rights.

Plaintiff incorporates by reference Paragraphs 1 through 42, supra, as fully set forth for Cause adding that Defendant(s) Kernan, and Diaz Present Secretary knew or had reason to know that Plaintiff would have his Constitutional Rights Violated and sustain the Substantive injuries to said Rights that he has incurred whereby and fore such the Defendant(s) made the injuries possible. Neither acted to Correct the Unconstitutional Pattern of Conduct and Doctrine(s) that their Agent(s) have become Comfortable adhereing to with no Fear of Repremand.

Defendant(s) are Liable, fore they were Deliberately Indifferent to their Agent(s) being Rouge where Policies were in Place to

prevent Violatations of Due Process and the
other Rights Violated and allowed their
Agents to be untrained, undisciplined and
amenable to the Code of Silence.

Plaintiff alleges that with all the above
included, on and for the time periods noted
in Paragraphs 1 through 42 and for some time
Prior to those noted dates (and Continuing to
the present date) Defendant's Burnes, McCarvel,
Tumacder, Kernan, and the Present Secretary
(John Doe) being supervisor(s) and employer(s)
deprived Plaintiff of the Rights and Liberties
secured to him via the First, Eight, and
Fourteenth Amendments to the United
States Constitution, in that said Defendant(s)
and their Supervising and Managerial employees
, Agents, and Representatives, acting with
Recless and Deliberate Indifference to
the Rights and Liberties of Plaintiff and
of Persons in his Class, situation, and Com-
parable Position in particular, Knowingly
Maintained, enforced, and applied an Official
Recognized Custom, Policy and Practice of:

(a) Employing and retaining as C/O(s) and
other Personnel, including Defendant(s) Cota,
Garza, Rodriguez, Hubbard, Case, Salcedo, Burnes,

31 of 42

Mccarvel, Tumacder who Defendant(s) at all times
each Fore Cause where they were supervising
or Employers of the named Defendants and
at at all times material and mentioned herein
Knew or reasonably should have Know that their
Agents, Personnel had Propensities For abusing
their Authory and For mistreating Inmates
by Failing to Follow Written CDCR. Correctional
and Inmate Policies aswell as Following the
Cal. Code OF Regulations where Mandatory
Language is promulgated errecting Liberty
Interests.

(b) OF inadequately Supervising, Training,
Controlling, assigning, and Disciplining CDCR.
personnel including each of the Defendant(s)
named herein who Defendant(s) Kernan, and the
Present secretary John Doe each Knew or in
the reasonable exercise oF Reasonable Care
Should have Known had the afore mentioned
Propensities and Character Traits.

Plaintiff alleges that the Policies, Practices
and customs implemented and maintained and
still tolerated by the Defendant(s) each of the
Defendant(s) were affirmatively linked to and
were the inFluential Force that caused
PlaintiFF's injuries.

7. Claim Seven: State Claim, Slander And Libel.

Plaintiff Incorporates by reference Paragraphs 1 through 41, supra, and all other additional Facts of Claims 1-6, supa, as Fully set forth For cause, but adds: It is Further alleged that each of the Defendant(s) named herein who are alleged to have Prepared an RVR. or alluded to Document Containing False Statement(s), or who are alleged to have made False Statement(s) related to the Plaintiff's Actions or Statements have in so Acting Slandered Plaintiff, the RVR., Document and or Statement(s) being Provably False and under California Law Defama-tory.

Plaintiff alleges that each of the Statements were Published via written/Typed Document(s) and or Verbal Proclamation as is alleged, supra, and Further alleges that each of the False Publishing(s) caused him to suffer Damage(s) where he was due to the statement(s) exposed to Ridicule, and Contempt in the RVR. Hearing(s) engendered by the Statements, and Documented Con-

tempt where Dr. Dousti Recoded in Health care
Charts that Plaintiff had Factually made the
False Statements and the Relevant RVR. Notes
that in response to the False statement Dusti
in Contemptous Ridicule of Plaintiff "[S]uggested
Inmate Hammler receive an RVR. for Staff --
Manipulation." (emphasis added).

        Plaintiff alleges that these Claims are
Guided by Cal. Civil Code §§ 44, 45, and 46,
accord, Bartholomew v. YouTube, LLC., 17 Cal.
App. 5th 1217, 1226 (2017).

        8. Claim Eight : State Claim, Intent-
ional Infliction Of Emotional Distress.

        Plaintiff Incorporates by reference
Paragraphs 1 through 41, supra, and all other
additional Facts of Claims 1-7, supra, as
Fully set forth for cause but adds: that
each of the named Defendant(s) via their
intentional Acts and Omissions caused
him (Plaintiff) Emotional Distress and real
Anguish and did so intentionally where
each had prior Knowledge that Plaintiff
was mentally inept already and actively
being Treated in Mental Health Program
under Defendant's own Care, and fore

such Knowledge it is alleged that the Tax paying Citizens and any reasonable Person would Find their Conduct outrageous where they are entrusted with acting as Orderlies inside a Mental Unit/Ward and able to effect adverse Mental Capacities in Productivity of Prisoner/Patients that will be sooner or Latter be reintroduced into society, their acts were Recless, and Actually caused suffering, a Proximate cause of the inflicted Distress in accord with the Holding in Peredia v. HR. Mobile Servs. Inc., 25 Cal. App. 5th 680, 687 (2018), And Grenier v. Toyor, 234 Cal. App. 4th 471, 486 (2015) (noting outragous Conduct, ect..)

     9. Claim Nine : State Claim, Negligence.

     Plaintiff Incorporates by reference. Paragraphs 1 through 41, supra, and all other additional Facts of Claims 1-8, supra, as Fully set Forth For cause but adds: that each of the named Defendant(s) at all times mentioned herein and throughout this Complaint were the Agent(s) and Employee(s) of Both Kernan and Diaz, and subject to said Employment were each responsible For the

supervision of each and every other named
Defendant.

Each and every Defendant was the
Agent of each and every other named
Defendant herein and at all times mentioned
each had the Legal Duty to oversee, super-
vise and correct the wrongful actions and
omissions of each and every other named
Defendant.

Defendant(s) each owed Plaintiff a
Duty of Care and were required to use
reasonable Diligence to ensure that Plaintiff
was not harmed or injured by their acts and
Omissions, of which are alleged to have been
Negligent and Reckless, including but not lim-
ited to:

Cota RVR. And Issues.

a. Negligently Failing to acknowledge and
Follow the Guidelines of the memorandum
(Memo) Precluding issuance of the RVR. in
Controversy, to issue it in Retaliation,

b. Negligently allowing Plaintiff to be
Called to Hearing in re the RVR. and thereby

subjected to the Emotional Distress of an Adversarial Process,

    d. Negligent tactics in and Handling the whole matter From outset to Finish,

Salcedo RVR. And issue.[1]

    a. Negligently allowing the RVR. Proceedings to go Forth when Knowing that the allegations were untrue,

    b. Negligently allowing Plaintiff to be Called to Hearing in re the RVR. and thereby subjected to the Emotional Distress of an Adversarial Process,

    c. Negligent tactics in and Handling the whole matter From outset to Finish,

Hubbard/Case RVR. And Issues.

    a. Negligently Failing to Follow established Procedures noted in the CDCR. Memorandum dated 9,11,2015 (G.B.A.) which Precluded issuing the RVR.,

    b. Negligent tactics in and Handling the

[1] Rodriguez and Garza are alleged negligent For their RVR. Supplemental under subsection c. "Tactics." 37 of 42

whole matter From outset to Finish

Kernan And Diaz Issues

Both, being in OFFice on dates in issue are each alleged to have been Negligent. Diaz on date prior to and at time that Hubbard and Case were under his employment and Kernan on date prior to and on date(s) Cota and Salcedo were under his employment Those date(s) being the very dates that each Prepared and Promulgated their RVR.(s).

a. Negligent by employing and Retaining C/O(s) who they Knew or should have Reasonably Known had Dangerous Propensities For Abusing their Authority and For mistreating Mentally ill Prisoner/Patients by Failing to Follow -- Written Policies and Regulations of the CDCR.

b. Negligent supervision, Training, Controlling, Assigning, and Diciplining CDCR. Personnel, to include each oF the named DeFendant(s) herein who Both Kernan and Diaz Knew or in the exercise oF Reasonable Care should have Known had the aForementioned Propensities and -- Character Traits,

c. By having, allowing, neglecting to Bring end to, and Maintaining the unconstitutional Custom and Practice of the Code of Silence, thereby allowing CfoS, etc., to enter into the Style, Type, variation of Cover-up via issuing False RVR(s) and other CDCR Generated Documents, allowing it to continue, Set Trend and be in effect in the Future. These -- Customs that have injured Plaintiff were on dates injuries occurred and are todate Condoned by Diaz as they were by Kernan with Deporable Deliberate Indifference to the Safety and Rights of Prisoner/Patients and Plaintiff.

By reason of all the afore mentioned Acts and omissions of Defendant(s) Plaintiff has suffered Mental Anguish, Humiliation, and Emotional Distress.

The above stated Acts and omissions of Defendant(s), all named herein, are Affirmatively Linked to and were the significant enFluential force behind Plaintiff's Injuries.

///

## VII. Prayer For Relief

Wherefore, Plaintiff requests entry of Judgement in his favor granting the following:

1. Compensatory Damages in the Amount of $10,000,000,

2. Punitive Damages in the Amount of $1,000,000 on each Claim separately,

3. Exemplory in the Amount of $1,000,000 on each Claim separately,

4. For reasonable costs of bringing this Action, Clerical, and Invastigative, and if Such Should be incurred later Attorney Fees per 42 U.S.C. §1988,

5. For Preliminary and Permanant Injunctive Relief ordering Defendant(s) to (1) Video Record any and all RVR Hearing relevant to RVR(s) issued Plaintiff and any instance when he is approached to be asked if he wishes to attend such Hearings and is said to have refused order Further that Video of Such refusal be created Capturing him

in person making such Declaration

Date: **8,20,2020**        Respectfully submitted,

                                    Allen Hawl

Varification

 I have read the foregoing Complaint and
hereby verify that the matters alleged therein
are true, except as to matters alleged on
information and belief, and as to those, I
believe them to be true. I certify/swear
under the penalty of perjury that the fore-
going is true and correct.

 Executed at Corcoran California, this
20th day of the month August, 2020.

                                    Allen Hawl
                                    Plaintiff.

_Hammler_

v.

_Cota, et al._

Case Number: _CV-1423-JKM-EFB_

PROOF OF SERVICE

I hereby certify that on __8,20,2020__, I served a copy of the attatched _Amended Complaint of 41 pages._ by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at __CSPC,__ :

(List name and address of each defendant or attorney served)

_U.S. Dist. Court_
_Eastern Dist. of Cal._
_501 "I" Street Ste. 4-200_
_Sacramento, CA. 95814_

I declare under penalty of perjury that the foregoing is true and correct.

_Allen He_
(Signature of person completing service)

42 of 42