UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. COTA, et al.<br><br>　　　　Defendants. | No. 2:19-cv-1423 JAM JDP P<br><br>ORDER |

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. He has filed a second amended complaint (ECF No. 27) which the court must screen.

I.　　Legal Standards

Federal courts are required to screen cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

1

1  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
2  *Twombly*, 550 U.S. 544, 554, 562-63 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
3  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
4  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
5  U.S. 662, 679 (2009).

6  To avoid dismissal for failure to state a claim a complaint must contain more than "naked
7  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
8  action." *Twombly*, 550 U.S. at 555-57. In other words, "[t]hreadbare recitals of the elements of a
9  cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

10  Furthermore, a claim upon which the court can grant relief must have facial plausibility.
11  *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
12  content that allows the court to draw the reasonable inference that the defendant is liable for the
13  misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
14  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
15  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
16  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

17  II.  Analysis

18  Plaintiff's second amended complaint is lengthy and impermissibly incorporates multiple
19  unrelated claims against more than one defendant.

20  First, he alleges that, in July of 2018, he refused to be escorted by a correctional officer
21  named Reilly, with whom he had a negative history. ECF No. 27 at 5. In light of his refusal,
22  Reilly and defendant Cota forcibly removed him from a holding cell in what plaintiff describes as
23  an assault. *Id.* As he was being transported, plaintiff called out to another officer—defendant
24  McCarvel—and requested an "unnecessary and excessive force video interview." *Id.* at 6.
25  Plaintiff alleges that McCarvel ignored him in order to shield Cota and Reilly from any potential
26  liability or discipline. *Id.* Plaintiff advised the officers that he required medical attention and was
27  suicidal (and thus in need of evaluation). Reilly and Cota allegedly refused his requests for
28  medical attention. *Id.* After being transported, plaintiff refused to return the handcuffs used to

transport him and, based thereon, defendant Cota issued plaintiff an "illegal" rules violation report ("RVR"). *Id.* at 8. Thereafter, he attended the rules violation hearing and was found not guilty by defendant Heise. *Id.* at 11. Plaintiff claims, however, that Heise declined to record that his decision was based on a memorandum that plaintiff presented which, if acknowledged, would establish that the RVR was retaliatory. *Id.*

Next, plaintiff alleges that, on some separate date, defendant Salcedo approached his cell and asked if he would accept a cellmate. *Id.* at 12. Plaintiff responded by stating that he had not been before the classification committee yet and, thus, could not accept a cellmate. *Id.* Based on this exchange, Salcedo allegedly issued plaintiff an RVR which falsely recounted their exchange. *Id.* at 12-13. Defendant Burnes signed off on the RVR drafted by Salcedo, and plaintiff alleges that his reason for doing so was retaliatory; plaintiff notes that he had recently had an argument with Burnes regarding the provision of legal files and a television.[1] *Id.* at 13-14. At the RVR hearing, plaintiff alleges that defendant Tumacder—like Heise before him—manipulated the proceedings to shield Burnes and Salcedo from any culpability for retaliation.[2] *Id.* at 16-17.

Finally, plaintiff alleges that, on a separate date and occasion, defendant Hubbard refused to allow him to be psychiatrically evaluated and, in order to cover up this failure to render medical attention, authored another false RVR. *Id.* at 19.

These claims cannot proceed together. Each of the retaliatory incidents involves separate defendants and factual circumstances. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . ."). Litigating them jointly would be logistically impossible. The court will afford plaintiff one final opportunity to amend his complaint. If the next complaint contains multiple, unrelated claims against more than one defendant, the court will

---

[1] Plaintiff alleges that the television was to be used to view televangelist services and, thus, by refusing to provide it, Burnes interfered with his religious practice as well. ECF No. 27 at 15.

[2] Plaintiff also alleges that defendants Rodriguez and Garza violated his rights by authoring a supplemental report for the RVR hearing which was false and falsely recording that plaintiff had not requested any witnesses for the hearing. ECF No. 27 at 17-18.

add or drop parties as justice requires.

### III.    Leave to Amend

Plaintiff will be given leave to amend to address the deficiencies identified above.  He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (explaining that a person subjects another to a deprivation of a constitutional right if he does an act, participates in another's act, or fails to perform an act that he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).  The amended complaint must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See George*, 507 F.3d 605 at 607.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[The] 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background that has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible, considering not only to penmanship, but also spacing and organization.  Plaintiff should consider whether each of the defendants whom he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably.

Accordingly, it is ORDERED that

1. Plaintiff's second amended complaint (ECF No. 27) is dismissed with leave to amend within 30 days of service of this order; and

2. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: October 5, 2020

_____
UNITED STATES MAGISTRATE JUDGE