UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>               Plaintiff,<br><br>    v.<br><br>E. COTA, *et al*.,<br><br>               Defendants. | Case No. 2:19-cv-01423-JAM-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S EIGHTH AMENDMENT EXCESSIVE FORCE CLAIMS AGAINST DEFENDANTS COTA AND REILLY PROCEED AND THAT ALL OTHER CLAIMS BE DISMISSED WITHOUT PREJUDICE<br><br>ECF No. 34 |

In his third amended complaint, plaintiff Hammler alleges that defendants Cota and Reilly used excessive force against him during a prison escort. ECF No. 34. This claim is cognizable. He makes several other claims that, as discussed below, are not.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that in July 2018, defendants Cota and Reilly used excessive force against him while providing an escort back to his cell from a mental health group meeting. ECF No. 34 at 3-4. Plaintiff was in a holding cage and, having a negative history with Reilly, refused to exit when he saw Reilly enter the room. *Id.* at 4. Reilly and Cota responded by pulling plaintiff from the cage and forcing him toward his cell. *Id.* Plaintiff claims that the force used in the extraction and escort was excessive and resulted in his injury. *Id.* at 4, 6. These allegations, taken as true, state an Eighth Amendment excessive force claim against Cota and Reilly.

After Cota and Reilly used excessive force to remove plaintiff from the cage but while the escort was ongoing, plaintiff called out to defendant McCarvel, a sergeant, and requested an excessive force video interview. *Id.* at 5. McCarvel declined that request but did relieve Reilly of escort duty. *Id.* Plaintiff neither alleges that McCarvel was positioned to stop Cota and Reilly's

use of excessive force, nor that excessive force was used against him after McCarvel became involved in the escort. Accordingly, plaintiff has failed to state an excessive force claim against McCarvel. This defendant's decision not to conduct an excessive force video interview does not, standing alone, violate plaintiff's constitutional rights.

Next, plaintiff alleges that, after he was returned to his cell, defendant Cota violated his free speech rights by refusing to take him to a nurse for medical evaluation. *Id.* at 6. To state a First Amendment free speech claim, a plaintiff must allege that his speech was constitutionally protected, that the defendant's actions would chill an ordinary person from pursuing that protected speech or activity, and that the defendant's adverse action was undertaken to deter the protected activity. *See Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300-1301 (9th Cir.1999). Here, plaintiff's allegations do not satisfy the second or third elements. Assuming that his request for medical care was protected speech, plaintiff does plead facts that show that Cota's denial would dissuade an ordinary person from requesting medical attention in the future or that his denial was motivated by an attempt to deter plaintiff's speech. To the extent this claim can be construed as an Eighth Amendment claim for denial of medical care, it fails because plaintiff has not alleged what injuries he suffered as a result of the denial.

Finally, plaintiff alleges that his due process rights were violated when Cota authored a rules violation report based on plaintiff's refusal to return a pair of handcuffs after the escort was completed. ECF No. 34 at 6-7. Plaintiff claims that, at the subsequent disciplinary hearing, Cota again violated his due process by lying about the events leading to the assessment of the rules violation report. *Id.* at 7. These allegations are insufficiently related to the excessive force claims discussed above. Cota's rules violation report and false testimony at the disciplinary hearing are separate from the question of whether he and Reilly used excessive force against plaintiff. Factually distinct claims against multiple defendants belong in separate actions. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff must bring this claim in a new action if he wants to pursue it.[1]

---

[1] Plaintiff also alleges that the rules violation report was an act of retaliation. ECF No. 34 at 9-10. That claim would also need to be brought in a separate action.

Accordingly, it is RECOMMENDED that:

1. Plaintiff be permitted to proceed with his Eight Amendment excessive force claims against defendants Cota and Reilly. All other claims be dismissed without prejudice and without leave to amend.

2. If these recommendations are adopted, the matter be referred back to me so that I may order service on defendants Cota and Reilly.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of these findings and recommendations, plaintiff may file written objections with the court. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: May 11, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4