1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>                    Plaintiff,<br><br>          v.<br><br>E. COTA, *et al.*,<br><br>                    Defendants. | Case No.  2:19-cv-01423-KJM-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS BE GRANTED<br><br>ECF No. 50<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

20    Plaintiff Allen Hammler is a state prisoner proceeding *pro se* and pursuant to 42 U.S.C.

21  § 1983 with Eighth Amendment excessive force claims against defendants Cota and Reilly.

22  Defendants have moved to revoke plaintiff's *in forma pauperis* ("IFP") status because he has had

23  at least three previous lawsuits dismissed that count as strikes under the Prisoner Litigation

24  Reform Act ("PLRA"), and he has not alleged imminent danger of serious physical injury.

25  Plaintiff opposes this motion, arguing that two of the four cases cited by defendants do not count

26  as strikes.  I disagree.  Plaintiff has been found to have three or more strikes several times in

27  other, previous cases, and there is no reason depart from those holdings here.

28

1

1    The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil

2    action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or

3    detained in any facility, brought an action or appeal in a court of the United States that was

4    dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

5    may be granted, unless the prisoner is under imminent danger of serious physical injury."

6    28 U.S.C. § 1915(g).  Plaintiff was a state prisoner when he initiated this lawsuit in 2019.  *See*

7    ECF No. 1 at 1 (listing his address as the California State Prison at Corcoran).  And, as

8    defendants' motion notes, plaintiff has had three or more actions dismissed as frivolous, as

9    malicious, or for failing to state a claim upon which relief maybe granted—at least three of which

10   were dismissed before plaintiff filed the instant lawsuit.[1]  Additionally, plaintiff has been found to

11   have three strikes on several other occasions.[2]

12   Plaintiff has not satisfied the imminent danger exception to § 1915(g).  That exception

13   applies if the "the complaint makes a plausible allegation that the prisoner faced 'imminent

14   danger of serious physical injury' at the time of filing."  *Andrews v. Cervantes*, 493 F.3d 1047,

15   1055 (9th Cir. 2007).  Plaintiff's third amended complaint contains no such allegation; he alleges

16   only a discrete incident of using excessive force while providing escort to his cell.  *See* ECF No.

17   34 at 3-4.

18   _____

19   [1] The attachments to defendants' motion provide copies of relevant documents from these

20   cases, and defendants ask me to take judicial notice of them.  ECF No. 50.  That request is
     granted.  The cases cited by defendants include: 3:18-cv-01319 (S.D. Cal. 2019) (dismissed for
     failure to state a claim and as frivolous); 3:18-cv-01170 (S.D. Cal. 2018) (dismissed for failure to

21   state a claim and as frivolous); and 1:17-cv-00097 (N.D. Cal. 2017) (dismissed for failure to

22   amend after finding a failure to exhaust that was obvious on the face of the complaint).

23   [2] *See, e.g.*, *Hammler v. Dignity Health*, No. 1:20-cv-1778-JLT-HBK (PC), 2021 U.S. Dist.
     LEXIS 230439, at *10-13 (E.D. Cal. Dec. 1, 2021); *Hammler v. California*, No. 1:20-cv-00630-

24   DAD-GSA (PC), 2020 U.S. Dist. LEXIS 81763, at *1-8 (E.D. Cal. May 8, 2020); *Hammler v.
     Diaz*, No. 1:20-cv-0488-JLT (PC), 2020 U.S. Dist. LEXIS 210627, at *1-5 (E.D. Cal. Nov. 9,

25   2020); *Hammler v. Compose*, No. 1:19-cv-01149-DAD-GSA (PC), 2019 U.S. Dist. LEXIS
     154434, at *4-6 (E.D. Cal. Sep. 10, 2019); *Hammler v. Allison*, No. 1:21-cv-00122-AWI-GSA

26   (PC), 2021 U.S. Dist. LEXIS 19966, at *11-14 (E.D. Cal. Feb. 1, 2021); *Hammler v. California*,
     No. 1:19-cv-01057-LJO-SAB (PC), 2019 U.S. Dist. LEXIS 171498, at *2-4 (E.D. Cal. Oct. 2,

27   2019); *Hammler v. Burns*, No. 1:20-cv-00489-SAB (PC), 2020 U.S. Dist. LEXIS 62772, at *1-6
     (E.D. Cal. Apr. 8, 2020); *Hammler v. Diaz*, No. 1:20-cv-0488-JLT (PC), 2020 U.S. Dist. LEXIS

28   210627, at *4-7 (E.D. Cal. Nov. 9, 2020).

Based on the foregoing, it is hereby recommended that:

1.  Plaintiff's *in forma pauperis* status, ECF No. 50, be revoked;

2.  plaintiff be required to pay the $402 filing fee in full within twenty-one days of adoption of these findings and recommendations; and

3.  if plaintiff fails to pay the $402 filing fee in full within twenty-one days of adoption of these findings and recommendations, all pending motions be terminated, and this action be dismissed without prejudice.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  The parties may, within 14 days of the service of the findings and recommendations, file written objections to the findings and recommendations with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.


Dated:    August 4, 2022                                      _____
                                                             JEREMY D. PETERSON
                                                             UNITED STATES MAGISTRATE JUDGE

3